Filed 1/7/22  P. v. Putman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KENNETH ROBERT PUTMAN,<br><br>Defendant and Appellant. | F081439<br><br>(Merced Super. Ct.<br>No. 19CR-06066)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Jeanne Schechter, Judge.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J., and Detjen, J.

## INTRODUCTION

Appellant and defendant Kenneth Robert Putman was convicted of felony reckless driving and sentenced to the second strike term of 32 months in prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

On October 29, 2019, a team of law enforcement officers assigned to the United States Marshal's Fugitive Task Force were in Merced County to locate and arrest defendant. He was wanted on an outstanding felony warrant in Montana. The officers were parked in unmarked vehicles near his parents' residence, where they believed defendant was staying, and watching for his gold SUV.

Around 5:00 p.m., defendant drove away from the residence in a gold SUV. Between five and seven unmarked law enforcement vehicles followed defendant. The officers' vehicles were equipped with flashing lights and sirens, but they did not activate the signals while following defendant's SUV. The officers were in plain clothes, wearing tactical raid vests that displayed their badges, and had large lettering that identified them as law enforcement officers.

The officers followed defendant for one and one-half to two miles. Defendant drove at a normal speed and stopped at marked intersections. Officer Weber of the Stockton Police Department, a member of the team, was driving directly behind defendant, and testified that defendant repeatedly looked in his rearview mirror.

Defendant drove for about 1.3 miles, turned into a gas station, and stopped. The officers followed him into the gas station, and they activated the flashing lights on their vehicles to conduct a traffic stop.

Deputy United States Marshal Vic Hak was driving an unmarked vehicle with his partner, Officer Odell of the United States Forest Service's Law Enforcement division.

2.

Odell was accompanied by his K-9 partner, Cesar. Hak pulled into the gas station and stopped his vehicle in front of defendant's SUV. Odell opened the passenger door and got out with Cesar; they prepared to take defendant into custody. Defendant accelerated his SUV toward Hak's vehicle and hit the open passenger door. The impact forced the passenger door to close; the door hit Odell's hip, and Cesar's head and upper body.

Officer Odell testified the impact from the passenger door caused him some soreness; his dog was not injured. The impact caused some damage to the passenger side of Deputy Hak's vehicle.

Defendant drove between the officers' vehicles that were in front of him and accelerated out of the gas station. The team of officers again followed him in their vehicles; this time with their sirens and flashing lights activated. Defendant's SUV was traveling at 75 miles an hour. He went through stop signs, swerved into the opposite lane, and other vehicles had to evade him or stop.

The officers continued to follow defendant as he drove back to his parents' house. When defendant arrived on the property, he jumped out of his SUV while it was still moving and ran up the driveway leading to the house. The empty vehicle continued onto an embankment.

Deputy United States Marshal Burrows, another member of the team, had followed defendant from the gas station with his vehicle's lights and siren activated. When defendant jumped out of his SUV, Burrows remained in his vehicle and followed defendant as he ran toward his parents' house; his lights and siren were still going. Two people came out of the house, and defendant ran up to them. Burrows got out of his vehicle, pulled his service weapon, and ordered defendant to show his hands and get down to the ground. Defendant complied with his orders.

Officer Weber arrived at the scene and assisted Deputy Burrows in taking defendant into custody. As Weber placed him in handcuffs, defendant repeatedly said he was sorry. Defendant was emotional but did not appear to be under the influence. He

3.

was instructed to sit outside while the officers processed the scene. Burrows testified that defendant spontaneously said, "I'm stupid. I shouldn't have done that. I'm sorry." Weber testified that defendant said he knew he was being watched and followed by the police.

**Defense Evidence**

Defendant had prior felony convictions for auto theft and burglary in California in 2001 and 2005, and criminal endangerment and burglary in Montana in 2012 and 2015. He was on probation from his Montana convictions and did not have permission to be in California.

Defendant testified that he was living with his parents in Delhi and had used heroin and methamphetamine on the day of his arrest. He was under the influence from the drugs but left in his father's SUV to get gasoline for the vehicle. He saw vehicles following him and believed he was being chased by "the Mexican cartel" because of his drug addiction. He pulled into the gas station, and the vehicles followed him. Defendant decided to drive back to his parents' home where he would be safe. He swerved between two vehicles that were in front of him and drove out of the gas station. Defendant testified that he did not see any flashing lights or hear sirens as he drove to his parents' house. Defendant arrived at his parents' house and got out of his vehicle. His parents said the police were behind him, and he needed to lie down and comply. Defendant realized the police were there and complied with their orders.

## PROCEDURAL BACKGROUND

On January 15, 2020, an information was filed in the Superior Court of Merced County charging defendant with count 1, felony reckless driving while fleeing a pursuing police officer's vehicle (Veh. Code, § 2800.2); count 2, misdemeanor resisting, delaying, or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1)); and count 3, misdemeanor hit and run (Veh. Code, § 20002, subd. (a)). It was further alleged defendant had one prior strike conviction.

On March 20, 2020, after a jury trial, defendant was convicted as charged. Defendant admitted the prior conviction allegation.

On June 18, 2020, the court denied defendant's request to dismiss the prior strike conviction and sentenced him to the lower term of 16 months for count 1, doubled to 32 months as the second strike term. The court imposed a restitution fine of $600 (Pen. Code, § 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (Pen. Code, § 1202.45); and also imposed a $40 court security fee (Pen. Code, § 1465.8), and a $30 criminal conviction fee (Gov. Code, § 70373).

On July 14, 2020, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on February 22, 2021, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.